UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN HAO LIU a/k/a "ERIC LIU" RUN DE MO a/k/a "ALFRED MO" and MENGHAN QIN a/k/a "HANNA QIN", individually and on behalf of all other employees similarly situated,<br><br>                        Plaintiff,<br><br>             - against -<br><br>MILLENNIUM MOTORS SPORTS, LLC, XIAO MENG LI a/k/a "JASON LI", and JOHN DOES # 1-10<br>                       Defendants. | Case No.<br><br>**COLLECTIVE & CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

      Plaintiffs Xin Hao Liu a/k/a "Eric Liu" ("Liu"), Run De Mo a/k/a "Alfred Mo" ("Mo") and Menghan Qin a/k/a "Hanna Qin" on their own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Millennium Motors Sports, LLC, Xiao Meng Li a/k/a Jason Li, and John Does # 1-10 (collectively "Defendants"), alleges and shows the Court the following:

### NATURE OF THE ACTION

      1.    Plaintiffs allege, on behalf of themselves and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (1) unpaid minimum wages; (2) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq. Plaintiff brings this claim individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA 29 U.S.C. §216(b).

2.      Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (1) minimum wages, (2) overtime compensation for work performed for which they did not receive overtime premium pay, (3) unpaid commissions (4) damages for failure to promptly pay wages, (5) damages for breach of contract (6) damages for conversion (7) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance (collectively "NYLL") governing minimum and overtime wages, and notices and statements of rates of pay.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the State law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants Millennium Motors Sports, LLC maintains a place of business located at 202-10 Northern Boulevard, Bayside, New York 11361, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

7.      Plaintiff Xin Hao Liu is a resident of the State of New York, County of Queens.

8.      Plaintiff Liu was employed by the Defendants as salesperson from September 21, 2015 to July 1, 2016 and again from October 10, 2016 to May 20, 2017.

9.      Plaintiff Run De Mo is a resident of the State of New York, County of Queens.

10.      Plaintiff Mo was employed by the Defendants as a salesperson from around May 2015 to around December 2015.

11.      Plaintiff Menghan Qin is a resident of the State of New York, County of Suffolk.

12.      Plaintiff Qin was employed by the Defendants as a salesperson from July 6, 2016 to November 30, 2016.

13.      Upon information and belief, Defendant, Millennium Motors Sports, LLC. owns and operates an auto dealership located at 202-10 Northern Boulevard, Bayside, NY 11361.

14.      Upon information and belief, Defendant, Millennium Motors Sports, LLC had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Millennium Motors Sports, LLC purchased and handled goods moved in interstate commerce.

15.      Upon information and belief, Defendant Xiao Meng Li is the owner, officer, director and/or managing agent of Millennium Motors Sports, LLC. at 4202-10 Northern Boulevard, Bayside, NY 11361 and participated in the day-to-day operations of Millennium Motors Sports, LLC. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Millennium Motors Sports, LLC.

16.     Defendants Millennium Motors Sports, LLC, and Xiao Meng Li are employers within the meaning of the FLSA and New York Labor Law.

17.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

18.     At all relevant times Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

19.     Defendants employed the Plaintiff and all others similarly situated employees as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

20.     Pursuant to 29 U.S.C. §207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since October 23, 2014 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least twenty (20) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

22.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

23.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

24.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.    whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    whether Defendants failed to pay the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

e.      whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.      whether Defendants should be enjoined from such violations of the FLSA in the future.

25.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

26.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since October 23, 2011 to the entry of judgment in this case (the "Class Period") who were sales persons and have not been paid minimum wages and overtime wages in violation of the New York Labor Law (the "Class").

28.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of thirty (30) members of the Class during the Class Period.

29.     Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly

in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.     Plaintiff has committed himself to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

33.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

     a.     whether the Defendants employed the Plaintiff and Class within the meaning of the New York Labor Law;

     b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

     c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

     d.     whether Defendants failed to pay the Class wages for all hours worked as well, minimum wages, as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

     e.     whether Defendants' violations of the NYLL are willful as that term is used within the context of the NYLL;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.      whether Defendants should be enjoined from such violations of the NYLL in the future;

h.      whether Defendants failed to pay Plaintiffs and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split worked in a day; and

i.      whether Defendants failed to provide Plaintiff and the Class with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and

j.      whether Defendants failed to provide Plaintiff and the Class with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, § 195(3).

## STATEMENT OF FACTS

34.      At all relevant times, the Defendants operated an auto dealership located at 202-10 Northern Boulevard, Bayside, New York 11361.

35.      According to verbal agreements between Plaintiffs and Defendants, Plaintiffs were to be paid through a combination of base salary and commissions. Commissions were set at 15% of all salaes made. There was no written commission agreement between Plaintiffs and Defendants.

## XIN HAO LIU

36.    Plaintiff Xin Hao Liu was employed by the Defendants as an auto salesperson, from September 21, 2015 to July 1, 2016 and again from October 10, 2016 to May 20, 2017.

37.    At all relevant periods of time, Plaintiff Liu worked six days per week with Thursday off.  On Monday through Saturday he worked from 10:00 a.m. until 7:00 p.m.  On Sunday he would work from 11:00 a.m. to 5:00 p.m.  Plaintiff Liu would often be required to work longer hours than his regular schedule.  Plaintiff therefore worked at least fifty-two (52) hours each week.

38.    Throughout his employment he was paid a base salary of $700 per month, regardless of actual hours worked, in addition to commissions.  Plaintiff was paid his salary once per month.

39.    According to verbal assurances by Defendants, Plaintiff Liu was to be paid a commission equal to fifteen percent (15%) of all sales made.

40.    Liu was not paid for all commissions due to him, in fact he was only paid a total of $5,000 worth of commissions during the period from October 10, 2016 to May 20, 2017.  In total, Defendants have not paid Liu approximately $10,000 in earned, but unpaid commissions.

41.    The commissions that Defendants did pay Liu, were paid as lump sums around May 2017.  Thus for the majority of weeks and months of his employment with Defendants, Liu was only paid his base salary.

42.    Therefore, Liu's total compensation was well below the statutory minimum wage throughout his employment.

## RUN DE MO

43.    Plaintiff Run De Mo was employed by the Defendants as an auto salesperson, from

around May 2015 to around December 2015.

44.    At all relevant periods of time, Plaintiff Liu worked six days per week with Wednesday off.  On Monday through Saturday he worked from 10:00 a.m. until 7:00 p.m.  On Sunday he would work from 11:00 a.m. to 5:00 p.m.  Plaintiff Mo would often be required to work longer hours than his regular schedule.  Plaintiff therefore worked at least fifty-two (52) hours each week.

45.    Throughout his employment he was paid a base salary of $800 per month, regardless of actual hours worked, in addition to commissions.  Plaintiff was paid his salary once per month.

46.    According to verbal assurances by Defendants, Plaintiff Mo was to be paid a commission equal to fifteen percent (15%) of all sales made.

47.    Mo was not paid for all commissions due to him, in fact he was only paid a total of $3,000 worth of commissions throughout his employment.

48.    The commissions that Defendants did pay Mo, were paid as lump sums with a $2,500 payment on his last day of employment, and a $500 payment in August 2015  Thus for the majority of weeks and months of his employment with Defendants, Liu was only paid his base salary.

49.    Therefore, Mo's total compensation was well below the statutory minimum wage throughout his employment.

MENGHAN QIN

50.    Plaintiff Menghan Qin was employed by the Defendants as an auto salesperson, from July 6, 2016 to November 30, 2016.

51.    At all relevant periods of time, Plaintiff Qin worked six days per week, with

Thursday off.  On Monday through Saturday she worked from 10:00 a.m. until 7:00 p.m.  On Sunday she would work from 11:00 a.m. to 5:00 p.m.  Plaintiff Qin would often be required to work longer hours than those regularly scheduled.  Plaintiff therefore worked at least fifty-two (52) hours each week.

52.    Prior to commencing her employment with Defendants, Plaintiff Qin entered into an oral agreement with Defendants whereby Plaintiff's annual base pay plus commissions would total at least $50,000.

53.    For the first month of Qin's employment she was paid base salary of $2,000.

54.    From August 1, 2016 until November 30, 2016 Plaintiff Qin was paid a fixed salary of $1,600 per month, regardless of actual hours worked.

55.    Plaintiff Qin received her salary once per month throughout her employment.

56.    According to verbal assurances by Defendants, Plaintiff Qin was to be paid a commission equal to fifteen percent (15%) of all sales made.

57.    Qin was only paid her commission in August and October.  She did not earn any commissions during the months of September and November, despite selling a number of vehicles during those months.  During the months Plaintiff did not receive any commissions her equivalent hourly rate fell below the statutory minimum wage.

58.    Furthermore, throughout Plaintiff's employment with Defendants, Defendants would withhold taxes from Plaintiff's pay, however, Defendants failed to remit any of those taxes to the relevant government authorities.  Instead, Defendants converted the withholdings for their own use and enjoyment.

59.    Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of the NYLL; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

60.     Plaintiffs were not allowed to take any uninterrupted lunch break during their shifts.

61.     Throughout the Plaintiffs' employment with the Defendants, the Defendants did not utilize a punch clock or maintain any time records of the number of hours Plaintiffs worked.

62.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

63.     Plaintiffs did not supervise other employees; they did not have hiring and firing authority, and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

64.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until the present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in the position of sales associate.

65.     Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times the minimum hourly rate, in violation of the New York Labor Law.

66.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery. Upon

information and belief, since opening, the Defendants have employed approximately thirty (30) sales people over the previous six years.

67.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

68.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

69.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

70.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a).

Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

72.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

73.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

74.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

75.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

76.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

78.     Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     At all relevant times, Plaintiff was employed by Defendants within the meaning of

New York Labor Law §§2 and 651.

80.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

81.    Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

### COUNT III
### [Violation of New York Labor Law—Overtime Pay]

82.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

84.    Defendants' failure to pay Plaintiff and the Collective their overtime pay violated the NYLL.

85.    Defendants' failure to pay Plaintiff and the Collective was not in good faith.

### COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

86.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

88.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

89.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

90.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

91.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

93.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

94.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to

recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI
### [Unpaid Commissions]

95.     Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     At all relevant times, Plaintiffs and members of the putative Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

97.     At all relevant times, Defendants have been employers within the meaning of NYLL §§ 190, *et seq*., and any supporting New York State Department of Labor regulations.

98.     The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the putative Class.

99.     Defendants failed to pay Plaintiffs and the putative Class commissions earned in accordance with the agreed upon terms of their employment.

100.    By Defendants' knowing or intentional failure to pay earned commissions to Plaintiffs and the putative class, Defendants have willfully violated NYLL Article 6, §191(1)(c).

101.    Defendants also violated NYLL Article 6 § 191(1)(c) by failing to reduce to writing the agreed upon terms of employment between Millennium Motors Sports and Plaintiffs as well as the putative Class, and failing to furnish Plaintiffs and the putative Class with an accurate statement of earnings.

102.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT VI
### [Breach of Contract]

103.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    Plaintiffs and the Rule 23 Class entered into a contract with Defendants in which they were promised fifteen percent (15%) commissions for the sale of each vehicle.

105.    Plaintiffs and the Rule 23 Class were not paid the full value of the commissions they earned according to the agreed upon terms of their contract with Defendants, even though they have performed services for Defendants.

106.    Due to Defendants' violations, Plaintiffs and the Rule 23 Class are entitled to be paid at the agreed commission rate of fifteen percent (15%) from the sale of each vehicle, along with consequential damages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

107.    At the commencement of Plaintiff Qin's employment she was promised a minimum annual salary of $50,000.

108.    For the period that she worked for Defendants she should have earned a total of $20,136.99 according to her agreement with Defendants.  Rather, her gross pay during her employment totaled $13,900.

109.    Due to Defendants' conduct, Plaintiff Qin is entitled to damages in the amount of

$6,236.99, along with consequential damages, reasonable attorneys' fees, costs, pre-judgment and post judgment interest.

## COUNT VI
## [Conversion]

110.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    Defendants unlawfully converted tax withholdings from Plaintiff Qin's that should have been turned over to federal and state tax authorities.

112.    Defendants intentionally, purposefully, and fraudulently converted these funds for their own benefit.

113.    Plaintiff Qin is entitled to recover from Defendants their actual, compensatory, expectation, and punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs and class action Plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)    Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of

Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)    An injunction against Millennium Motors Sports, LLC, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid minimum wages due under FLSA and New York Labor Law;

i)    An award of unpaid overtime wages due under the New York Labor Law;

j)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)    An award of damages for unpaid commissions.

l)    An award of damages for breach of contract.

m)    An award of damages for conversion of tax withholdings for Plaintiff Qin.

j)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, and overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, and overtime compensation, pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)       Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       November 6, 2017

HANG & ASSOCIATES, PLLC.

 /S *WILLIAM BROWN*
William M. Brown, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
wbrown@hanglaw.com

*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Millennium Motor Sports LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Xin Hao Liu
Full Legal Name (Print)

Signature

10/19/17
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

      I am an employee currently or formerly employed by Millennium Motor Sports LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Runde    Mo
Full Legal Name (Print)

Signature

10 / 19 / 2017
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Xiao Meng Li

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xiao Meng Li, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Millenium Motors Sports, LLC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    Dated: November 3, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:    Millenium Motors Sports, LLC
       202-10 Northern Boulevard
       Bayside, NY 11361

PLEASE TAKE NOTICE, that Xiao Meng Li and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: November 3, 2017