UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 17-CV-6438 (RPK) (RER)

———————————————

XIN HAO LIU A/K/A "ERIC LIU," RUN DE MO A/K/A "ALFRED MO," AND MENGHAN QIN A/K/A "HANNA QIN,"

Plaintiffs,

VERSUS

MILLENIUM MOTORS SPORTS, LLC AND XIO MENG LI A/K/A/ "JASON LI,"

Defendants.

———————————————
**REPORT & RECOMMENDATION**
November 5, 2020
———————————————

**to the Honorable Rachel P. Kovner,
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Xin Hao Liu, also known as Eric Liu ("Liu"); Run De Mo, also known as Alfred Mo ("Mo"); and Menghan Qin, also known as Hanna Qin ("Qin") (collectively, "Plaintiffs") bring this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law, ("NYLL") §§ 650 *et seq.* (Dkt. No. 7 (Amended Complaint ("A.C.")) at 1-2).

Before the Court is Plaintiffs' Motion to Strike pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. (Dkt. No. 45 ("Pls.' Mot.")). After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that the Court grant Plaintiffs' Motion to Strike and enter default against Millenium Motors Sports, LLC and Xiao Meng Li, also known as Jason Li.

## BACKGROUND

Millenium Motors Sports, LLC ("Millenium Motors Sports") owns and operates an auto dealership. (A.C. ¶ 13). Xiao Meng Li, also known as Jason Li ("Li") is the

1

owner, officer, director and/or managing agent of Millenium Motors Sports. (A.C. ¶ 15). Millenium Motors Sports and Li (collectively, "Defendants") employed Plaintiffs Liu, Mo, and Qin as auto sales associates. (A.C. ¶¶ 36, 43, 50).

Plaintiffs filed the Complaint on November 6, 2017 alleging violations of the FLSA and NYLL, (Dkt. No. 1), and later filed the Amended Complaint, (Dkt. No. 7). Defendants answered both the Complaint, (Dkt. No. 5 ("Compl.")), and the Amended Complaint, (A.C.). The parties scheduled mediation for March 15, 2018. (Dkt. No. 18).

This is where the litigation began to break down. Just before mediation, Defendants retained new counsel, forcing the parties to reschedule. (*Id.*; Dkt. Entry dated 5/21/2018). Defendants later cancelled the rescheduled mediation. (*See* Dkt. No. 45-1 ("Pls.' Mem.") ¶ 3; Dkt. No. 23). Their new counsel then moved to withdraw.[1] (Sealed Entry, Dkt. No. 19). During the motion hearing, at which Li was physically present, the Court granted the motion to withdraw. (Order dated 7/24/2018). The Court warned Li that he could proceed *pro se* but the corporate defendant, Millenium Motors Sports, would be deemed to be in default if no new counsel appeared. (*Id.*).

Plaintiffs continued with the litigation, including moving for conditional certification of a collective action, (Dkt. No. 28), and serving written discovery requests on Defendants on October 12, 2018, (Dkt. No. 31, Ex. A; Pls.' Mem. ¶ 5). Plaintiffs served an electronic version of the requests via email and mailed a hardcopy to Defendants. (Dkt. No. 31, Ex. B).

The Court granted conditional certification of collective action and ordered that Defendants "produce a computer-readable list of all non-exempt employees who were employed by Defendants at any point in the three years prior to the date of this Order," including contact information and dates of employment. (Dkt. No. 32).

Because Defendants did not retain new counsel or respond to discovery requests, Plaintiffs filed a motion to compel on December 3, 2018. (Dkt. No. 31). The Court denied the motion without prejudice after finding that Plaintiffs' efforts fell short of the Federal Rules of Civil Procedure and Local Civil Rule 37.3 requirements to meet and confer in good faith. (Dkt. No. 33 at 1-2). The Court simultaneously directed Defendants to obtain counsel and reiterated that "[s]hould Defendants fail to do so, all individual defendants will be required to proceed *pro se*, and the corporate defendant will be deemed to be in default." (*Id.* at 2).

In January 2019, Plaintiffs learned that Defendants were in discussions with potential new counsel. (Dkt No. 35). They moved to adjourn the Final Pretrial Conference and for an extension of the discovery deadline as a courtesy to Defendants. (*Id.*). Defendants ultimately did not retain counsel. (Dkt. No. 36 at 2). Plaintiffs' counsel attempted to communicate with Defendants via phone at least three times but was not permitted to leave voicemails. (*Id.*) They also sent several

---

[1] Defendants' then-counsel from the law firm of Kaufman Dolowich & Voluck, LLP ("KDV") described an inability "to get in contact with Defendants and obtain requested documentation and information for more than 3 months." (Sealed Entry, Dkt. No. 19 at 1). KDV made numerous attempts to communicate with Defendants via phone and email. (*Id.* at 7). At the motion hearing, KDV recounted those efforts and explained that, as a result of Defendants' persistent silence, KDV was "past the end of their rope." (Dkt. Entry dated 07/24/2018, FTR Log # 2:59:52, at 3:00:50-3:01:29). On the record, Li stated that Millenium Motors Sports had the relevant pay records and that he understood that he would need to provide them. (*Id.* at 3:00:27-40).

2

emails, but Defendants remained unresponsive. (*Id.*). Plaintiffs filed a second motion to compel. (Dkt. No. 36). The Court granted the motion and warned Defendants that "failure to respond to Plaintiffs' discovery requests may be treated as a default and result in entry of judgment against them." (Order dated 4/1/2019).

The Court then scheduled a Final Pretrial Conference for May 20, 2019. (Dkt. Entry dated 5/2/2019). Defendants did not attend. (Dkt. Entry dated 5/20/2019). The Court notes that the scheduling order mailed to Defendants was returned as undeliverable. (Dkt. No. 37). However, Li was also sent the order via email. (*Id.*) The Court mailed and emailed copies of the minute entry from that hearing to Defendants. (Dkt. Nos. 38, 39). The mail was returned as undeliverable. (*Id.*).

Plaintiffs' now move for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure because Defendants have not retained new counsel or complied with the Court's order to respond to Plaintiffs' discovery requests. (Pls.' Mem. at 2-3, 8). Plaintiffs ask the Court to strike Defendants' Answers and affirmative defenses and to enter Defendants' default. (Pls.' Mot.; Pls.' Mem. at 5). Your Honor referred the motion to me for a report and recommendation. (Order dated 9/18/2020).

## DISCUSSION

### I.     Legal Standard

"All litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990)). When a party disregards a discovery order, Rule 37(b) of the Federal Rules of Civil Procedure empowers a court to issue additional orders including "(iii) striking pleadings in whole or in part . . . [or] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A); *see Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.") (citing *Jones v. Uris Sales Corp.*, 373 F.2d 644, 647–48 (2d Cir.1967)). These severe sanctions "serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir.1988)).

A district court has broad discretion to impose sanctions under Rule 37(b). *Daval Steel*, 951 F.2d at 1365 (collecting cases). "There are two basic limitations upon a district court's discretion . . . . The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." *Id.* at 1366 (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)). The Second Circuit has identified several non-exclusive and non-dispositive factors to evaluate whether severe sanctions are just, including "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance, and (4) whether the non-compliant party had been warned of the risk of sanctions." *Lopez v. Cajmant LLC*, No. 15-CV-593 (SLT) (RER), 2016 WL 7017361, at *2 (E.D.N.Y. Dec. 1, 2016) (quoting *Agiwal*, 555 F.3d at 302–03).

3

a. <u>Willfulness</u>

Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing. *Vargas v. Jet Peru-Courier Corp.*, No. 15-CV-6859 (RRM) (PK), 2018 WL 1545699, at *3 (E.D.N.Y. Mar. 14, 2018), *R&R adopted by* 2018 WL 1545679 (Mar. 28, 2018) (citing *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 (SLT) (RLM), 2008 WL 4179653, at *5 (E.D.N.Y. Sept. 10, 2008)); *see also In re Thilman*, 548 B.R. 1, 10 (E.D.N.Y. 2016) ("From this inaction, the Court can only infer that defendant is indifferent to his discovery obligations, does not wish to defend this adversary proceeding, and is responsible for his failure to obey the Orders of this Court."). "Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (S.D.N.Y. 2019) (citation omitted).

First, Defendants failed to respond to discovery requests. (*See* Pls.' Mem. ¶ 9). Plaintiffs sent discovery requests on October 12, 2018. (Dkt. No. 31, Ex. B). When Defendants did not respond, Plaintiffs' counsel emailed Li to remind him of the thirty-day deadline and provide a brief extension. (*Id.*). Because Defendants remained nonresponsive, Plaintiffs filed a motion to compel. (Dkt. No. 31). The Court denied Plaintiffs' motion and directed counsel to make a greater effort to meet and confer with Defendants. (Dkt. No. 33). Plaintiffs learned of and briefly communicated with potential new counsel for Defendants', but Defendants did not retain that counsel, and Li did not respond to Plaintiffs' subsequent emails and phone calls regarding their discovery requests. (Dkt. No. 36).

Second, Defendants failed to comply with a clear and unambiguous court order. Given Plaintiffs' efforts to meet and confer and Defendants' continued silence, the Court granted Plaintiffs' second motion to compel. (Order dated 4/1/2019). The Order directed Defendants to comply or risk entry of judgment against them. (*Id.*). Defendants are well aware of the pending litigation and their obligation to participate. (*See* Dkt. Nos. 5, 10, 18; Dkt. Entry dated 7/24/2018). But Li did not attend the scheduled Final Pretrial Conference, (Dkt. Entry dated 5/20/2019). Rather than requesting additional time to retain counsel, gather documents, respond in opposition to Plaintiffs' motions, or making any other attempt to participate in the litigation, Defendants remain silent.

Lastly, Defendants' non-compliance is not due to factors beyond their control. All parties, including *pro se* litigants, have an obligation to provide updated contact information to the court, which includes notification of a new mailing address, phone number, or email address. *E.g.*, *Rossmann v. Suffolk Times*, No. 13-CV-3142 (JS) (GRB), 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013); *Sigala v. Spikouris*, No. 00-CV-0983 (SLT) (MDG), 2014 WL 294155, at *1 (E.D.N.Y. Jan. 24, 2014) (adopting a report and recommendation that was returned as undeliverable to the party against whom default judgment was entered); *S.E.C. v. Verdiramo*, No. 10 CIV. 1888 (RMB) (AJP), 2012 WL 5935609, at *4 (S.D.N.Y. Nov. 27, 2012) (noting that a defendant failed to appraise the court of any new mailing address or email address); *Mintz v. Mktg. Cohorts, LLC*, No. 18-CV-4159 (JFB) (SIL), 2019 WL 1517109, at *2 n.5 (E.D.N.Y. Feb. 21, 2019), *R&R adopted by* 2019 WL 1748603 (Apr. 17, 2019) (finding that Defendants were on notice of the proceedings, even though

4

mailed scheduling orders were returned as undeliverable because the mailings were also electronically served).

The Court acknowledges that beginning around November 2018 some of the Court's mail to Defendants was returned as undeliverable. (*See* Dkt. No. 30).[2] But Court also sent electronic copes of notices and orders to Li's email address. (*e.g.* Dkt. Nos. 37, 39). And in addition to service via mail, Plaintiffs attempted to communicate with Defendants through email and tried unsuccessfully to leave voicemails. (Dkt. No. 36 at 2). Defendants' failure to provide updated contact information to the Court supports that they chose not to defend themselves.[3]

Because Defendants, repeatedly and without explanation, declined to participate in discovery in any meaningful way, I find that their actions were willful.

### b. Efficacy of Lesser Sanctions

"[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Glob. NAPs*, 624 F.3d at 148 (citing *John B. Hull, Inc. v. Petroleum Prods., Inc.*, 845 F.2d 1172, 1176–77 (2d Cir. 1988)). Where defendants willfully abandon their defense of the case, case-ending sanctions are appropriate. *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) (collecting cases); *see also Vargas*, 2018 WL 1545699, at *4.

Defendants willfully abandoned their defense of the case; therefore, less harsh sanction would prove fruitless. *See Montblanc-Simplo GmbH.*, 692 F. Supp. 2d at 253 (citing *Computer Care*, 2008 WL 4179653, at *6). Defendants ignored not only the Court Order for production related to the conditional certification of a collective action, (*see* Dkt. No. 32), but also the Order granting Plaintiffs' motion to compel, (*see* Order dated 4/1/2019). Defendants have repeatedly failed to respond to Plaintiffs discovery requests and interrogatories without explanation. Given Defendants' refusal to advance the litigation at all, the Court finds that lesser sanctions would not achieve compliance or have the necessary deterrent effect. *See In re Tartaglione*, No. 06 CIV.13560 (WCC), 2008 WL 336844, at *4 (S.D.N.Y. Feb. 5, 2008) (citing *John B. Hull*, 845 F.2d at 1176-77).

### c. Duration of Non-Compliance

"[A] period 'as brief as a few months have [sic] been held to weigh in favor of dispositive sanctions . . . [a]nd periods of six months or more weigh even more heavily toward such remedies.'" *Vargas*, 2018 WL 1545699, at *4 (quoting *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) (collecting cases)). When Plaintiffs' filed the pending motion, it had been more one year since they first sent their discovery requests to Defendants, (*See* Dkt. No. 31, Ex. A; Pls.' Mem. at 5); it had been ten months since the Court ordered Defendants to comply with the requests. (Order dated 4/1/2019). Moreover, the Court extended the discovery deadline on

---

[2] The Court notes that Plaintiffs have not informed the Court whether any of their mailings were returned as undeliverable.

[3] The Court notes that the email and mailing addresses that KDV used to reach Defendants differ from the contact information that the Court and Plaintiffs' counsel used. While the email addresses appear to be entirely different accounts, (*e.g.*, compare Dkt. No. 37 at 1 *with* Sealed Entry, Dkt. No. 19 at 18), the discrepancy in mailing addresses appears likely to be a typographical error, (*e.g.*, compare Dkt. No. 37 at 1 (listing 202-10 Northern Boulevard) *with* Sealed Entry, Dkt. No. 19 at 19 (listing 202-01 Northern Boulevard)).

5

two occasions to accommodate Defendants. (Dkt. Entry dated 7/24/2019; Dkt. No. 35). Now, three years after the Complaint was filed, Defendants still have not produced any discovery whatsoever. I find that this factor weighs heavily in favor of Plaintiffs.

### d. Adequate Warnings for Non-Compliance

A *pro se* defendant must receive "adequate warning" or notice of the consequences for noncompliance before a court imposes sanctions under Rule 37(b). *Lopez*, 2016 WL 7017361, at *2 (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 452 (2d Cir. 2013); *World Wide Polymers, Inc.*, 694 F.3d 155, 160 (2d Cir. 2012)).

This Court began warning Defendants of the risk of sanctions as early as July 2018. During proceedings that Li attended, the Court granted Defendants' counsel's motion to withdraw. (Dkt. Entry dated 7/24/2018). The court informed Li that he may continue to represent himself *pro se* but the company must be represented by an attorney. (*Id.*). The Court mailed via FedEx and emailed a copy of the Minute Order and Motion Hearing to reiterate its directive to retain new counsel and its warning that the corporate defendant would otherwise default. (Dkt. Entry dated 7/24/2018). There is no entry on the record indicating that the mail was not delivered. Then, in their October 2018 discovery request, Plaintiffs informed Li that they would move for default judgment against Millenium Motors Sports unless it retained counsel. (Dkt. No. 31, Ex. B at 1).

On December 19, 2018, the Court again warned Millenium Motors Sports that it would be deemed to be in default if no new counsel appeared within thirty days. (Dkt. No. 33). When the Court granted Plaintiffs second motion to compel in April 2019, the Court clearly warned both Defendants that "failure to respond to plaintiffs' discovery requests may be treated as a default and result in an entry of default judgment against them." (Dkt. Entry dated 4/1/2019). Plaintiffs subsequently submitted a letter, indicating their intent to file a motion to strike Defendants' Answer and affirmative defenses and for entry of default judgment against Defendants. (Dkt. No. 40 at 2). Plaintiffs served the letter on Defendants via U.S. Postal Service First-Class mail. (Dkt. No. 41).

Given the numerous warnings on the record, and Defendants' aforementioned obligation to provide updated contact information to the Court, I find that "Defendants cannot credibly argue that [they] were] not sufficiently warned that serious sanctions were imminent. *Vargas*, 2018 WL 1545699, at *4 (quoting *Guggenheim*, 722 F.3d at 453*); see also Car-Wi Const.*, 88 F. Supp. 3d at 267 (concluding that two explicit warnings from the Court were sufficient).

### II.   Entry of Default

"It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it." *Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 WL 1251102, at *2 (E.D.N.Y. Apr. 5, 2017) (quoting *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006)). This remains true where, as here, an individual whose interests may at times "overlap [with] but are not identical in all respects" to the corporation's continues to litigate his personal liability *pro se*. *See id.*

Li consented to the withdrawal of Defendants' counsel. (Dkt. Entry dated 07/24/2018, FTR Log # 2:54:51-3:09:57). Despite repeated warnings that failure to retain counsel would result in default against

the corporation, Li did not retain new counsel for Millenium Motors Sports.

Further, under Rule 55(a), when a party's failure to defend "is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As discussed above, Li abandoned his defense because he failed to respond to discovery requests, comply with the Court's orders, or appear at a scheduled hearing.

I therefore respectfully recommend that the Court enter default against Defendants. *See Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) ("Although Rule 55(a) . . . refers to entry of default by the clerk, it is well-established that a default also may be entered by the court.") (citing 6 James Wm. Moore et al., Moore's Federal Practice ¶ 55.03(1) at 55-31 (1976 ed.)); *see also Nat'l Tr. Co. v. Am. Home Assur. Co.*, No. 86 CIV. 1406 (CSH), 1987 WL 5837, at *2 (S.D.N.Y. Jan. 22, 1987) (citing *Breuer Elec.*, 687 F.2d at 185).

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court 1grant Plaintiffs' motion to Strike the Answer to Amended Complaint and Answer to Complaint; and enter default against Defendants.[4]

Plaintiffs' counsel are hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Rachel P. Kovner within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.

United States Magistrate Judge
Dated: November 5, 2020
Brooklyn, New York

---

[4] To encourage the timely resolution of this case, I respectfully recommend that the Court direct Plaintiffs to submit a motion for default judgment within thirty days of an order adopting this Report and Recommendation. I also respectfully recommend that Your Honor refer that motion to me for a report and recommendation and, if necessary, an inquest on damages.

7