UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

XIN HAO LIU a/k/a ERIC LIU, RUN DE
MO a/k/a ALFRED MO, and MENGHAN
QIN a/k/a HANNA QIN,

                Plaintiffs,               **MEMORANDUM AND ORDER**
                                                                   17-cv-6438 (RPK) (RER)

        -against-

MILLENIUM MOTOR SPORTS, LLC and
XIAO MENG LI a/k/a JASON LI, and JOHN
DOES #1-10,

                Defendants.
------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiffs Xin Hao Liu, Run de Mo, and Menghan Qin brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), and New York Labor Law ("NYLL") §§ 650 *et seq*, on their own behalf and on behalf of all others similarly situated. Compl. ¶ 1 (Dkt. #1). Plaintiffs named as defendants Millenium Motor Sports, LLC, Xiao Meng Li, and John Does 1-10. *Ibid.* On November 30, 2017, the defendants answered the complaint. *See* Answer (Dkt. #5). On December 8, 2017, plaintiffs amended the complaint. *See* Am. Compl. (Dkt. #7).

      The amended complaint alleges that plaintiffs are entitled to unpaid wages, liquidated damages, declaratory relief, costs, interest, and attorneys' fees under the FLSA. *See* Am. Compl. ¶ 1. It also alleges that plaintiffs are entitled to wages, overtime compensation, unpaid commissions, damages for failure to pay wages, damages for breach of contract, damages for conversion, compensation for failure to provide wage notice at hiring, and compensation for failure to provide paystubs under the NYLL. *Id.* ¶ 2. On December 21, 2017, defendants filed an answer to the amended complaint. *See* Answer to Pls.' Am. Compl. (Dkt. #10).

1

Defendants then retained new counsel, *see* Notice of Consent to Change Att'y (Mar. 23, 2018) (Dkt. #16), but this new counsel eventually withdrew, *see* Sealed Letter (June 27, 2018) (Dkt. #19). The court has since ordered defendants to obtain new counsel, *see* Dkt. Entry (July 24, 2018); Summ. Order (Dec. 19, 2018) (Dkt. #33), but defendants have not done so to date.

In the meantime, plaintiffs filed a motion for conditional certification of a collective action, *see* Notice of Mot. (Aug. 28, 2018) (Dkt. #24), which was granted, *see* Summ. Order (Dec. 13, 2018). Plaintiffs also filed discovery requests, *see* Pls.' First Request for Produc. of Doc. (Dkt. #31-1) but defendants have not responded. Indeed, plaintiffs have filed a motion to compel, *see* Renewed Letter Mot. to Compel Disc. (Dkt. #36), which was granted, *see* Dkt. Entry (Apr. 1, 2019), and the court has ordered defendants to respond to these discovery requests, *ibid.*, but defendants have not complied. On February 12, 2020, plaintiffs filed a motion requesting that defendants' answer to the complaint and the amended complaint both be stricken or that a default be entered against defendants. *See* Notice of Mot. (Feb. 12, 2020) (Dkt. #45).

Judge Reyes recommends that the motion to strike the defendants' answers be granted and that a default be entered against defendants Millenium Motor Sports, LLC, and Xiao Meng Li. *See* Report & Recommendation at 1 ("R. & R.") (Dkt. #46). Judge Reyes concludes that these orders are appropriate sanctions under Fed. R. Civ. P. 37(b), *see* R.& R. at 2, because defendants failed to respond to discovery requests and comply with court orders, *see id.* at 4. Judge Reyes found that factors such as (1) the wilfulness of the defendants, (2) the efficacy of lesser sanctions, (3) the duration of the noncompliance, and (4) whether the defendants had been warned of the risk of sanctions all counseled toward striking the defendants' answers and entering default. *See id.* at 3-6.

2

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). No party has objected to the R. & R. within the time required by 28 U.S.C. § 636(b)(1).

When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). I have reviewed Judge Reyes's report and recommendation and, having found no clear error, adopt it in full. The motion to strike is granted. Both answers are stricken. A default is entered against defendants Millenium Motor Sports, LLC and Xiao Meng Li. Plaintiffs are directed to file a motion for default judgment within thirty days.

SO ORDERED.

      /s/ Rachel Kovner  
      RACHEL P. KOVNER  
      United States District Judge

Dated:    November 30, 2020  
             Brooklyn, New York