# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 17-CV-06438 (RPK) (RER)

———————————

XIN HAO LIU A/K/A "ERIC LIU", RUN DE MO A/K/A "ALFRED MO" AND MENGHAN QIN A/K/A "HANNA QIN",

Plaintiffs,

VS

MILLENIUM MOTORS SPORTS, LLC, XIAO MENG LI A/K/A "JASON LI", AND JOHN DOES #1-10

Defendants.

———————————

**REPORT & RECOMMENDATION**
May 24, 2021

———————————

**to the Honorable Rachel P. Kovner,**
**United States District Judge**

RAMON E. REYES, JR., U.S.M.J.:

Plaintiffs Xin Hao Liu, also known as Eric Liu ("Liu"); Run De Mo, also known as Alfred Mo ("Mo"); and Menghan Qin, also known as Hanna Qin ("Qin") (collectively, "Plaintiffs") bring this action against Millenium Motors Sports, LLC ("Millennium"),[1] Xiao Meng Li, also known as Jason Li ("Li"), and John Does #1-10 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 650 *et seq.* (Dkt. No. 7 ("Am. Compl.") ¶¶ 1–2).

---

[1] Although the case caption lists "Millenium Motors Sports" as defendant, the correct spelling appears to be "Millennium." (*See* Dkt. Nos. 10, 13, 51).

1

Before the Court is Plaintiffs' Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and their Motion to Amend/Correct/Supplement Affidavit and Memorandum in Support of Motion. (Dkt. Nos. 51, 54). Your Honor has referred the motions to me for a report and recommendation. (Order dated 1/11/2021). After carefully reviewing the record, and for the reasons stated below, I respectfully recommend that Your Honor grant Plaintiffs' motions.[2]

## BACKGROUND

### A. Procedural History

For a detailed procedural history of this case, the Court refers back the report and recommendation issued on November 5, 2020 recommending that Your Honor grant Plaintiffs' Motion to Strike the Answer and Amended Complaint and enter default against Millennium and Li (collectively, "Defendants")[3] for failure to respond to discovery requests or otherwise participate in the litigation. (Dkt. No. 46 ("R&R")). Your Honor adopted that report and recommendation in full. (Dkt. No. 48). The Clerk of Court subsequently entered Defendants' default, (Dkt. No. 49), and Plaintiffs' submitted their Motion for Default Judgment, (Dkt. Nos. 51–53). Plaintiffs filed a motion to amend/correct/supplement affidavits and the memorandum of law

---

[2] The motion to amend/correct/supplement and attached amended memorandum of law and affidavits were served on Millennium, care of Li, via U.S. Postal Service First-Class Mail on January 9, 2021. (Dkt. No. 55). Defendants have not objected to the motion, and it is within the Court's discretion to grant it. *See Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942 (RER), 2021 WL 1193144, at *6 n.6 (E.D.N.Y. Mar. 29, 2021). The amended documents correct inaccuracies within the documents initially submitted with the pending motion for default judgment. (Dkt. No. 54). I respectfully recommend that Your Honor grant Plaintiffs' motion to amend/correct/supplement. Accordingly, I refer to those documents throughout, not to those initially attached to the default judgment motion.

[3] None of the John Doe defendants in this suit have been identified or served with the complaint; as such I respectfully recommend they be dismissed from the case without prejudice. *See Gustavia Home, LLC v. White,* No. 16-CV-06926 (CBA) (RER), 2017 WL 6403071, at *1 (E.D.N.Y. Apr. 28, 2017), *R & R adopted by* 2017 WL 6403858 (Dec. 14, 2017).

in support of the motion for default judgment. (Dkt. No. 54). Your Honor referred the motions to me for a report and recommendation. (Order dated 1/11/2021).

### B. Factual Background

Millennium owns and operates an auto dealership in Bayside, New York. (Am. Compl. ¶ 13). Li is the owner, officer, director and/or managing agent of Millennium and participated in its day-to-day operations. (*Id.* ¶ 15). Plaintiffs worked as salespeople for Defendants for varying lengths of time. (*Id.* ¶¶ 8, 10, 12, 36, 43, 50; Dkt No. 53-5 ("Liu Aff.") ¶ 2 (fourteen months); Dkt No. 54-2 ("Mo Aff.") ¶ 2 (six months); Dkt No. 54-3 ("Qin Aff.") ¶ 2 (five months)). Liu alleges that Li managed his work schedules and payment. (Liu Aff. ¶ 3). At times, Li personally directed Plaintiffs to repair, move, or inspect certain vehicles, deposit checks payable to the dealership, and speak to certain customers. (Liu Aff. ¶ 4; Mo Aff. ¶ 4; Qin Aff. ¶ 4). He also signed their paychecks. (Liu Aff. ¶ 4; Mo Aff. ¶ 5; Qin Aff. ¶ 4).

Plaintiffs each worked six days per week, often for at least fifty-one hours per week.[4] (Am. Compl. ¶¶ 37, 44, 51; Liu Aff. ¶ 5; Mo Aff. ¶ 6; Qin Aff. 5). Each Plaintiff was paid a base salary, regardless of hours worked, and was promised a commission on all sales. (Am. Compl. ¶¶ 38–39, 45–46, 53–56; Liu Aff. ¶ 7–8; Mo Aff. ¶ 8; Qin Aff. ¶ 7–8). However, none of the Plaintiffs were paid all commissions as promised. (Am. Compl. ¶¶ 40, 47, 57; Liu Aff. ¶ 8; Mo Aff. ¶ 10; Qin ¶ 7–8). Furthermore, Defendants withheld taxes from Plaintiffs but failed to remit them to the proper authorities. (Am. Compl. ¶ 58; *see* Liu Aff. ¶ 12; Mo Aff. ¶ 13; Qin Aff. ¶ 10). Defendants did not provide Plaintiffs with proper notice concerning their rates of pay, (Am. Compl. ¶ 59), nor

---

[4] Plaintiffs worked approximately nine hours per day for five days each week and an additional six hours on a sixth day each week. (Am. Compl. ¶¶ 37, 44, 51; Liu Aff. ¶ 5; Mo Aff. ¶ 6; Qin Aff. 5). Defendants did not provide uninterrupted lunch breaks to Liu or Mo (Am. Compl. ¶ 60; Liu Aff. ¶ 16; Mo Aff. ¶ 15). This amounts to fifty-one hours per week. ((9 X 5) + 6). Plaintiffs assert that they regularly worked longer hours than this regular schedule and conclude that they "therefore worked at least fifty-two" hours per week. (Am. Compl. ¶¶ 37, 44, 51; Liu Aff. ¶ 5; Mo Aff. ¶ 6; Qin Aff. 5). However, Plaintiffs provide no further details on the additional numbers of hours worked or the frequency with which they occurred.

did they provide a punch clock or otherwise maintain records of the number of hours worked or commissions earned, (Am. Compl. ¶ 61; Liu Aff. ¶¶ 13–14; Mo Aff. ¶¶ 9, 16; Qin Aff. ¶¶ 11–12).

## DISCUSSION

### I.   Standard of Review for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure outlines a two-part standard for a party to prevail on a default judgment motion. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, the moving party must request that "the clerk [] enter the [opposing] party's default." FED. R. CIV. P. 55(a). However, in certain circumstances a default may be entered by the court. *Mickalis*, 645 F.3d at 128 ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default." (citations omitted)); (*see also* R&R at 7).

After default is entered, Plaintiff may move for a default judgment. FED. R. CIV. P 55(b)(2). At this stage, all well-pleaded allegations are taken as true. *Xu v. JNP Bus Serv.*, No. 16-CV-245 (AMD) (ST), 2018 U.S. Dist. LEXIS 54238, at *5 (E.D.N.Y. February 26, 2018) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)), *R & R adopted by* 2018 U.S. Dist. LEXIS 52039 (Mar. 28, 2018). However, a plaintiff still bears the burden of establishing that he is entitled to recovery. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (collecting cases). Despite entry of default, a defendant does not admit to any legal conclusions in the complaint. *Xu*, 2018 U.S. Dist. LEXIS 54238, at *6 (citation omitted). The Court must determine if the unchallenged facts constitute a sufficient cause of action. *Id.*; *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action.").

4

It is preferable for cases to be resolved on their merits, *see Mickalis*, 645 F.3d at 129, but default is an appropriate sanction where, as here, lesser sanctions are not feasible, *see Vargas v. Jet Peru-Courier Corp.*, No. 15-CV-6859 (RRM) (PK), 2018 WL 1545699, at *4 (E.D.N.Y. Mar. 14, 2018), *R & R adopted by* 2018 WL 1545679 (Mar. 28, 2018); (R&R at 5). I recommended on November 5, 2020 that the clerk enter a default against Defendants for their willful failure to respond to discovery requests, comply with the Court's orders, or appear at a scheduled hearing. (R&R). Your Honor adopted my report and recommendation. (Dkt. No. 48). The clerk of court subsequently entered Defendants' default. (Dkt No. 49). With the procedural elements of the default judgment standard satisfied, the Court turns to the FLSA and NYLL liability analysis.

## II.    Prima Facie Liability under the FLSA and NYLL

Plaintiffs allege failure to pay minimum wage in violation of the FLSA and NYLL, along with multiple violations of the NYLL, namely (i) failure to pay overtime compensation; (ii) failure to provide written notice of rates of pay upon hire; (iii) failure to provide paystub information; and (iv) failure to pay earned commissions. (Am. Compl. ¶¶ 70–81, 82–85, 86–90, 91–94, 95–102).

As a threshold matter, Plaintiffs must establish that a non-exempt employer-employee relationship existed under the FLSA and NYLL. *Lopez v. Cajmant LLC*, No. 15-CV-593 (ENV) (RER), 2020 U.S. Dist. LEXIS 200066, at *5–6 (E.D.N.Y. Oct. 26, 2020), *R & R adopted* (Order dated 11/30/2020); *see* also *Fermin*, 93 F. Supp. 3d at 31–32; 29 U.S.C. §§ 203, 213. Plaintiffs have met this burden.

### A.  Defendants are Employers under the FLSA

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." § 203(d). FLSA itself does not further define "employer;" however, the Supreme Court has historically interpreted the term broadly. *Irizarry v. Catsimatidis*,

722 F.3d 99, 103 (2d Cir. 2013); *see also Logan v. World Luxury Cars*, No. 15-CV-248 (RRM) (PK), 2017 U.S. Dist. LEXIS 157979, at *6 (E.D.N.Y. Sept. 25, 2017), *R & R adopted by* 2018 U.S. Dist LEXIS 96947 (June 1, 2018).

*i.      Li was Plaintiffs' Employer under the FLSA*

An individual is subject to liability as an employer under the FLSA where "the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Martir v. Huntington Provisions Inc.*, No. 19-CV-2412 (DRH) (AYS), 2020 WL 2736696, at *3 (E.D.N.Y. Apr. 29, 2020) (citing *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *4 (E.D.N.Y. Mar. 27, 2018), *as amended* (Mar. 29, 2018)), *R & R adopted by* 2020 WL 2735173 (May 26, 2020); *see also Fermin*, 93 F. Supp. 3d at 25.

Plaintiffs allege that Li employed them within the statutory definition of FLSA. (Am. Compl. ¶¶ 19, 71). Their affidavits, though sparse, provide additional factual details to support this statement. Li was present at the dealership only occasionally. (Liu Aff. ¶ 4 (eight times during his employment); Mo Aff. ¶ 4 (three times); Qin Aff. ¶ 4 ("[O]ften.")). However, Plaintiffs also allege that Li is the owner, officer, director and/or managing agent of Millennium and participated in its day-to-day operations. (Am. Compl. ¶ 15). Liu alleges that Li hired and supervised him, managed his work schedule, and controlled his payment. (Liu Aff. ¶ 3). Li interviewed Qin for her position. (Qin Aff. ¶ 3). Mo alleges that Li is "[t]he sole person who makes ultimate and significant decisions for the dealership," including firing him. (Mo Aff. ¶¶ 3, 5). At times, Li personally directed Plaintiffs to repair, move, or inspect certain vehicles, deposit checks payable to the dealership, and speak to certain customers. (Liu Aff. ¶ 4; Mo Aff. ¶ 4; Qin Aff. ¶ 4). Li criticized Mo for how he

communicated with customers, (Mo Aff. ¶ 4), and he advised Qin "on how much [she] should sell a car to the customer," (Qin Aff. ¶ 4). He also signed Plaintiffs' paychecks and provided their tax documents. (Liu Aff. ¶¶ 4, 12; Mo Aff. ¶¶ 5, 13; Qin Aff. ¶¶ 4, 10). These allegations are sufficient to support that Li was an employer under the FLSA.

> ii.   *Millennium was Plaintiffs' Employer under the FLSA*

A corporate employer is subject to FLSA liability "if [the employer] meets the criteria for either enterprise or individual coverage." *Logan*, 2017 U.S. Dist. LEXIS 157979, at *7; *see also Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451 (CBA) (CLP), 2016 U.S. Dist. LEXIS 177680, at *10 (E.D.N.Y. Dec. 21, 2016), *R & R adopted by* 2017 U.S. Dist. LEXIS 28089 (Feb. 27, 2017), *vacated*, 2018 U.S. Dist. LEXIS 10626 (Jan. 22, 2018) (granting joint stipulation to vacate in favor of settlement). To establish enterprise coverage, courts consider whether the employer:

> has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A)(i)–(ii); *see also Logan*, 2017 U.S. Dist. LEXIS 157979, at *7; *Fermin*, 93 F. Supp. 3d at 33.

Plaintiffs allege that Millennium had gross sales in excess of $500,000 per year and "purchased and handled goods moved in interstate commerce." (Am. Compl. ¶ 14). Without elaborating further, they conclude that Defendants are subject to enterprise coverage under the FLSA. (*Id.* ¶ 17). Though these allegations are sparse, it is reasonable to infer that the goods necessary to operate an auto dealership do not come solely from New York State. *See Logan*, 2017 U.S. Dist. LEXIS 157979, at *7–8; (concluding that a used car dealership was covered by both the enterprise and individual coverage tests); *cf. Fermin*, 93 F. Supp. 3d at 33–34 (concluding that it is reasonable to

infer that a New York restaurant sources at least some of its goods from out of state); *Pintor v. Park King at JFK, LLC*, No. 16-CV-6269 (PKC) (PK), 2018 U.S. Dist. LEXIS 28940, at *11 (E.D.N.Y. Feb. 21, 2018) (finding it reasonable to infer that cars in parking garages were "goods moved from or produced in other states."), *R & R adopted by* 2018 U.S. Dist. LEXIS 39352 (Mar. 8, 2018). As Defendants need only meet the requirements for enterprise *or* individual coverage, *Logan*, 2017 U.S. Dist. LEXIS 157979, at *7, Plaintiffs have sufficiently established that Millennium was an employer under the FLSA standard.

B.  Defendants Were Employers Under the NYLL

"New York's Labor Law is the state analogue to the federal FLSA." *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011). The NYLL, however, does not require that the employer have a nexus with interstate commerce or a minimum in annual sales or business. *Id.*; *Fermin*, 93 F. Supp. 3d at 34 (quoting *Garcia v. Badyna*, No. 13-CV-4021 (RRM) (CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014)). The NYLL's definition for "employer" centers on the degree of control that the employer exercised over the employee. *Fermin*, 93 F. Supp. 3d at 34. Nevertheless, courts tend to interpret "employer" under the NYLL as nearly synonymous with "employer" under the FLSA. *Id.* at 37 (collecting cases). "Accordingly, if a court in this Circuit has already found liability under the FLSA, it will routinely impose liability for a violation of the NYLL." *Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH) (SIL), 2016 U.S. Dist. LEXIS 167887, *14 (E.D.N.Y. Dec. 2, 2016) (citation omitted), *R & R adopted by* 2016 U.S. Dist. LEXIS 179853 (Dec. 29, 2016). Defendants, therefore, are liable under the NYLL as well.

C.  Plaintiffs are Employees under the FLSA and NYLL

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e).  In determining whether a plaintiff is an "employee" within this definition, the "ultimate

8

question is . . . 'whether, as a matter of economic reality, the worker[] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [himself].'" *Saucedo*, 2016 U.S. Dist. LEXIS 177680, at *13–14 (citations omitted). Two types of employees are covered: (1) "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce;" and (2) employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

Plaintiffs allege that they were employees within the meaning of the FLSA. (Am. Compl. ¶¶ 19, 72). They support these allegations in their respective affidavits, stating that they "did not supervise other employees; . . . did not have hiring and firing authority, and [their] job duties did not include managerial responsibilities or the exercise of independent business judgment." (Liu Aff. ¶ 17; Mo Aff. ¶ 17; Qin Aff. ¶ 14; *see also* Am. Compl. ¶ 63). Furthermore, Li at times directed Plaintiffs to repair, move, or inspect certain vehicles, deposit checks payable to the dealership, and speak to certain customers. (Liu Aff. ¶ 4; Mo Aff. ¶ 4; Qin Aff. ¶ 4). These allegations are sufficient to meet the FLSA definition of employee. *See Saucedo*, 2016 U.S. Dist. LEXIS 177680, at *14 (finding plaintiff an employee based on allegations in the complaint supported by his affidavit as to hours, duties, and daily activities controlled by defendants).

However, there are several exemptions to the types of employment that qualify for minimum wage and maximum overtime requirements of the FLSA. *See* 29 U.S.C. § 213(a)–(b). Employees that fall into any of the categories listed in § 213(b) are exempt from only the maximum hours requirements. § 213(b). Plaintiffs seem to fall squarely into the salesmen exemption, which includes: "any *salesman*, partsman, or mechanic *primarily engaged in selling or servicing automobiles,* trucks, or farm implements, *if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers*."

§ 213 (b)(10)(A) (emphasis added). As auto salesmen at a car dealership, Plaintiffs do not fall into any of the other categories outlined in the statute. Accordingly, Plaintiffs are eligible for minimum wage protections under the FLSA but not overtime.

Much like the definition of employer under the NYLL, the definition of employee is nearly identical to the FLSA standard. *Fermin*, 93 F. Supp. 3d at 34. However, the NYLL does not include the salesmen exemption previously discussed. Therefore, Plaintiffs are eligible to recover minimum wage and overtime violations under the NYLL.

Accordingly, I respectfully recommend that Your Honor hold Defendants jointly and severally liable under the FLSA and NYLL. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) ("[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA." (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *see also Fermin*, 93 F. Supp. 3d at 37 (collecting cases).

## III.    Damages

On a motion for default judgment, damages are assessed separately from liability, and the plaintiff must prove that the compensation sought "naturally flow[s] from the injuries pleaded." *Greyhound*, 973 F.2d at 158. A plaintiff's recovery of damages must reflect that which was requested in the pleadings. *See* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also Silge v. Merz,* 510 F.3d 157, 160 (2d Cir. 2007). The Court may hold an evidentiary hearing to determine damages. FED. R. CIV. P. 55(b)(2). However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In determining damages, the court may rely on "detailed affidavits and documentary evidence," as well as the Court's knowledge of

the record from experience with the case. *Id.* If an employer fails to maintain wage and hour records, the plaintiff may rely on his recollection to approximate the wages owed. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 332–33, 335–36 (S.D.N.Y. 2005).

A. Statute of Limitations

The FLSA affords a two-year statute of limitations to bring a cause of action unless the violation was willful, in which case the case the limitations period is extended to three years. 29 U.S.C. § 255(a). The NYLL statute of limitations is six years from the date that the employee filed a complaint. N.Y. LAB. LAW §§ 198(3), 663(3). Here, the NYLL affords the greater recovery. I therefore respectfully recommend that Plaintiffs be awarded damages under the NYLL. *See Tejada v. La Selecta Bakery, Inc.*, No. 17-CV-5882 (EK) (RER), 2020 WL 7249393, at *2 (E.D.N.Y. Sept. 23, 2020), *R & R adopted by* 2020 WL 6937882 (Nov. 25, 2020). Plaintiffs filed the original complaint on November 6, 2017. (Dkt. No. 1). Their NYLL period runs from November 6, 2011, through November 6, 2017.

B. Unpaid Wages

Plaintiffs seek damages in the form of unpaid overtime and minimum wage violations. (Dkt. No. 54-1 ("Pls.' Mem.") at 4–5). Under the FLSA and NYLL, Plaintiffs are entitled to recover the difference between the New York State statutory minimum wage rate and the effective hourly rate they were paid by Defendants. *See* 29 USC § 216(b); N.Y. Lab. Law § 663. Additionally, "[b]oth the FLSA and NYLL require[s] employers to pay overtime wages, equal to one and one-half the employee's regular salary, for every hour worked in excess of forty hours in any given week."[5] *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-01593 (SJ) (RER), 2017 WL 4838820, at *4

---

[5] As discussed *supra* Section II.C, plaintiffs seem to fall squarely into an exemption from FLSA's maximum hour requirements. *See* 29 U.S.C. 213(b)(10)(A). The NYLL does not contain this exemption, and as plaintiffs only ask for overtime damages under NYLL, this bears no further examination.

(E.D.N.Y. Sept. 6, 2017) (citing 29 U.S.C. § 207(a); N.Y. Lab. Law § 651; N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2), *R & R adopted by* 2017 WL 4838761 (Oct. 24, 2017). The "NYLL indisputably requires that employers pay employees minimum wage and overtime on a *weekly* basis, regardless of whether those employees earn commission in subsequent weeks." *Karic v. Major Auto. Cos. Inc.*, 992 F. Supp. 2d 196, 201 (E.D.N.Y. 2014) ("[C]ommissions earned by an employee during subsequent weeks within a settlement/pay period may not be used to satisfy the employer's minimum wage and overtime payments to the employee."). "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Lopez*, 2020 U.S. Dist. LEXIS 200066, at *11 (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

At all relevant time periods, Plaintiffs worked five days per week from 10:00 A.M. until 7:00 P.M. and a sixth day each week from 11:00 A.M. until 5:00 P.M. (Am. Compl. ¶¶ 37, 44, 51; Liu Aff ¶ 5; Mo Aff. ¶ 6; Qin Aff. ¶ 5.) They were often required to work more hours than those scheduled. (Am. Compl. ¶¶ 37, 44, 51; Liu Aff. ¶ 5; Mo Aff. ¶ 6; Qin Aff. ¶ 5.) In other words, Plaintiffs each worked at least fifty-one hours each week, if not more. (Compl. ¶¶ 37, 44, 51; Liu Aff. ¶ 5; Mo Aff. ¶ 6; Qin Aff. ¶ 5.) They were each paid a flat monthly salary regardless of the number of hours they worked. (Liu Aff. ¶ 7 ($700); Mo Aff. ¶ 8 ($800); Qin Aff. ¶ 7 ($1,411.98)). These monthly salaries fell well below the minimum wage rate during weeks that Plaintiffs were not also paid earned commissions.[6] Though these allegations are sparse, this level of detail is sufficient to establish that each Plaintiff worked overtime hours for which they were not compensated. *See Fermin* 93 F. Supp. 3d at 44 (finding similar allegations sufficient where

---

[6] The minimum wage rate from May 2015 through May 2017 ranged from $8.75 to $9.70 per hour. *See* N.Y. LAB. LAW § 652.

"[p]laintiffs provide[d] the Court with concrete allegations regarding the overtime that they worked.").

Based on Plaintiffs' affidavits, I respectfully recommend that they be awarded the following in unpaid compensation: $25,188.63 to Liu, $10,223.73 to Mo, and $3,470.51 to Qin.[7]

C.  <u>Statutory Damages</u>

Under the NYLL, employers must furnish their employees with a notice and acknowledgement of the employee's wage rate at the time of hire. N.Y. LAB. LAW § 195(1). Employers are additionally required to furnish their employees with accurate, specifically enumerated wage statements each pay period. *Id.* § 195(3). Wage statements should include the dates of work, the employer's address and telephone number, the applicable rate of pay, and any deductions and allowances claimed. *Id.* Plaintiffs seek to recover damages for Defendants' failure to provide a wage notice upon hire and failure to provide accurate wage statements. (Pls.' Mem. at 3–4; Am. Compl. ¶¶ 86–90, 91–94).

For violations of section 195(1), Plaintiffs may recover damages at the rate of "fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." N.Y. LAB. LAW § 198 (1–b). As of February 27, 2015, for violations of section 195(3), Plaintiffs may recover damages at the rate of $250 for each work day that the violations occurred or continue to occur, not to exceed $5,000. N.Y. LAB. LAW § 198(1-d); *Estrada v. Giovanni's Italian Pizzeria, Inc.*, No. 16 Civ. 6162 (PGG) (GWG), 2020 WL 3166964, at *5 (S.D.N.Y. June 15, 2020). Remedies for statutory violations "may be enforced simultaneously or consecutively so far as not inconsistent with each other." N.Y. LAB. LAW § 198(2).

---

[7] Calculations relating to unpaid compensation can be found in the Appendix.

Defendants failed to provide Plaintiffs with written notice at hire containing the information set forth in section 195(1) and wage statements each pay period in accordance with section 195(3). (Pls.' Mem. at 3–4; Am. Compl. ¶¶ 86–90, 91–94). Because Plaintiffs worked for more than 100 days during which violation of section 195(1) was ongoing and worked for more than twenty days after February 27, 2015, each is entitled to $10,000 in statutory damages.

D.  Liquidated Damages

When a qualifying employer does not pay required overtime wages, employees are entitled to "liquidated damages equal to one hundred percent of the total amount of the wages . . . due." N.Y. LAB. LAW §§ 198(1-a), 663(1). If the employer acted in good faith, the NYLL afford courts discretion when awarding liquidated damages. *See* N.Y. LAB. LAW § 663(1). Yet, an employer who defaults, like Defendants, has failed to make such a showing of good faith. *See Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *4 (E.D.N.Y. Oct. 18, 2011). Because there are "no meaningful differences" between the FLSA and NYLL liquidated damages provisions, a party may not recover duplicative liquidated damages for the same conduct. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).

Therefore, I respectfully recommend that each Plaintiff be awarded liquidated damages equal to the total amount of damages due said Plaintiff for unpaid compensation as follows: $25,188.63 to Liu, $10,223.73 to Mo, and $3,470.51 to Qin.

E.  Unpaid Commissions

Liu and Qin seek unpaid commission in the total amount of $13,000.[8] (Pls.' Mem. at 11–12; Liu Aff. ¶ 8 ($10,000); Qin Aff. ¶ 8 ($3,000)). However, Plaintiffs provide no legal basis on which commission may be awarded. (Pls.' Mem. at 11). They include only the conclusory statement that

---

[8] Mo claims that he also was not paid all commission due to him. (Mo Aff. ¶ 10). However, the amount of commission Defendants failed to pay Mo "is minor or maybe none." (Dkt. No. 54 at 1).

"[b]y Defendants' knowing or intentional failure to pay earned commissions to Plaintiffs . . . , Defendants have willfully violated NYLL Article 6, §191(1)(c)."[9] (Am. Compl. ¶ 100). Even if Plaintiffs had provided a sufficient legal basis on which the Court could award unpaid commission, Plaintiffs fail to provide factual information, such as the number of cars sold and the average price, to support their claims.[10] Accordingly, I respectfully recommend that the Court deny Plaintiffs' claim to unpaid commission. *See Suarez*, 2017 WL 11507197, at *4 (citing *Giugliano v. FS2 Capital Partners, LLC*, No. 14-CV-7240 (ADS) (GRB), 2015 WL 5124796, at *15 (E.D.N.Y. Sept. 1, 2015)) ("Where a plaintiff 'fails to allege even the vaguest supporting details, including the approximate timing of the transactions [or] the approximate amount of commissions allegedly owed,' there can be no plausible basis to conclude that the plaintiff earned the commissions that she seeks to recover."); *Pibouin v. CA, Inc.*, 867 F. Supp. 2d 315, 326 (E.D.N.Y. 2012).

---

[9] Under the NYLL, employers must pay "a commission salesperson . . . commissions and all other monies earned or payable in accordance with the agreed terms of employment." *Karic*, 992 F. Supp. 2d at 201 (quoting NYLL § 191(1)(c)). An employee's claim to unpaid earned commission must be based on a valid claim for breach of contract. *Williams v. Preeminent Protective Servs., Inc.*, No. 14-CV-5333 (LG), 2017 WL 1592556, at *4 (E.D.N.Y. Apr. 28, 2017) (quoting *Apple Mortg. Corp. v. Barenblatt*, 162 F. Supp. 3d 270, 289 (S.D.N.Y. 2016)) ("A claim under section 191(c) 'rises and falls with plaintiff's claim for breach of contract,' and her '[f]ailure to establish a contractual right to wages necessarily precludes a statutory claim under New York's labor law.'"); *Suarez v. Big Apple Car, Inc.*, No. 15-CV-5330 (AMD) (RLM), 2017 WL 11507197, at *4 (E.D.N.Y. Nov. 1, 2017) (quoting *Kone v. Joy Constr. Corp.*, No. 15 Civ. 1328 (LTS), 2016 WL 866349, at *4 (S.D.N.Y. Mar. 3, 2016)) ("[C]ourts have held that [NYLL § 191(1)(c)] is an inappropriate vehicle for . . . recovery where the gravamen of plaintiffs' complaint is that the sums paid were not equal to what plaintiffs claim they were entitled to receive, and the plaintiff has not otherwise pleaded that payments were untimely."), *order amended on other grounds on reconsideration*, 2017 WL 9400686 (Dec. 1, 2017).

[10] Defendants did not provide Plaintiffs with written commission agreements; instead, Defendants made verbal assurances that they would pay Plaintiffs commissions equal to fifteen percent of all sales made plus five percent for financing. (Am. Compl. ¶ 35; Liu Aff. ¶ 8; Qin Aff. ¶ 7). Liu's affidavit, while more detailed than either Mo's or Qin's is internally inconsistent. (*See* Liu Aff.). Liu states that he was "not paid [] approximately $10,000 in earned" commissions, (*Id.* ¶ 8); however, the amount should be much more than that. He claims that he sold approximately ten cars per month at the average price of $20,000 each. (*Id.* ¶¶ 10–11). This would amount to $420,000 in commissions over the fourteen months that he worked for Defendants. ((10 X $20,000 X 14) X .15). But Liu instead claims that Defendants only paid him $5,000 during the entire period for both base salary and commissions and requests $10,000 in unpaid commission. (*Id.* ¶ 8).

F.  Pre- and Post-Judgment Interest

Plaintiffs may recover prejudgment interest for claims brought under the NYLL. *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *16 (E.D.N.Y. Jan. 31, 2018) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)), *R & R adopted by* 2018 WL 1135652 (Feb. 28, 2018). Under New York law, prejudgment interest is assessed at a rate of nine percent per annum. N.Y.C.P.L.R. § 5004. Interest may be calculated from a single reasonable intermediate date, which, in cases such as this, is sensibly the midpoint of a plaintiff's employment. *See Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 (E.D.N.Y. 2019); *Fermin*, 93 F. Supp. 3d at 49. I respectfully recommend that each Plaintiff be awarded pre-judgment interest calculated using the following formula: (total compensatory damages due to plaintiff) X .09/365 X (number of days from midpoint date to the date the Clerk of the Court enters judgment).[11] This amounts to $11,217.91 to Liu, $5,281.33 to Mo, and $1,465.03 to Qin as of the date of this report and recommendation.

Plaintiffs are also entitled to post- judgment interest. 28 U.S.C. § 1961. I respectfully recommend that Plaintiffs be awarded post-judgment interest from the date of entry of judgment in accordance with section 1961.

G.  Attorney's Fees

In addition to unpaid wages and additional damages, the FLSA and NYLL allow prevailing employees to collect "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. LAB. LAW § 198. Plaintiffs, in seeking reimbursement of attorney's fees, bear the burden of proving the reasonableness and the necessity of the hours spent and the rates charged. *Fermin*, 93

---

[11] Plaintiffs identify November 10, 2015 as a reasonable intermediate date for period 1 of Liu's employment; April 1, 2016 for period 2; and March 11, 2017 for period 3. (*See* Dkt. No. 53-12 at 1–2). They identify August 30, 2015 as a reasonable intermediate date for Mo. (*Id.* at 3). September 16, 2016 is a reasonable intermediate date for Qin. (*See id.* at 4–5).

F. Supp. 3d at 51. A district court has broad discretion to determine the reasonable amount of attorney's fees to be awarded. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008); *Torres v. 894 Dekalb Pizza Corp.*, No. 19-CV-5750 (AMD) (SMG), 2020 WL 8768258, at *9 (E.D.N.Y. Dec. 28, 2020), *R & R adopted by* 2021 WL 848849 (Mar. 5, 2021). In this Circuit, courts calculate the presumptively reasonable attorney's fees as the product of a reasonable hourly rate and hours reasonably expended on the litigation. *Id.* (citing *Arbor Hill*, 522 F.3d at 183).

i.      *Reasonable Hourly Rate*

"[T]he reasonable hourly rate is the rate a paying client would be willing to pay bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) (citing *Arbor Hill*, 522 F.3d at 190). In this Circuit, courts generally use the prevailing hourly rates in the district in which they sit. *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086 (MKB) (RLM), 2016 WL 2909966, at *15 (E.D.N.Y. Mar. 18, 2016) (citing *Arbor Hill*, 522 F.3d at 191), *R & R adopted by* 2016 WL 2758272 (May 12, 2016). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Martinez v. New 168 Supermarket LLC*, 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (collecting cases), *R & R adopted by* 2020 WL 5259056 (Sept. 3, 2020).

Plaintiffs' submissions reflect $39,795 in attorney's fees to compensate for a total of 145.30 hours of work by their counsel at the law firm of Hang & Associates, PLLC ("the Hang Firm"). (Dkt. No. 53-13 at 6). This includes work performed by one principal and six associate attorneys, one paralegal, and one law clerk. (Pls.' Mem. at 15–16). Plaintiffs request the hourly rate of $350

per hour for principal attorney Jian Hang ("Hang"), $300 per hour for all associate attorneys,[12] and $150 per hour each for their paralegal and law clerk. (*Id.*). Consistent with the Court's jurisprudence, Plaintiffs submit contemporaneous billing records displaying the date, timekeeper, description of the activity, and total hours worked on that activity by the tenth of an hour. (Dkt. No. 53-13); *see N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

Hang's requested rate of $350 per hour is reasonable. He is the named principal of the firm and has been admitted to practice law before this Court since 2005 with the vast majority of his work dedicated to employment-related issues, including wage and hour litigation. (Dkt. No. 53 ("Zhu Aff.") ¶¶ 67–70); *see Luk v. ABNS NY Inc.*, No. 18-CV-5170 (AMD) (RLM), 2021 WL 829417, at *4 (E.D.N.Y. Feb. 9, 2021) (collecting cases), *R & R adopted sub nom. Ying Ying Dai v. ABNS NY Inc.*, 2021 WL 826014 (Mar. 3, 2021); *but cf. Calle v. Yoneles Enterprises, Inc.*, No. 16-CV-1008 (NGG) (RLM), 2017 WL 6942652, at *20 (E.D.N.Y. Oct. 24, 2017) (reducing Hang's requested rate to $300 per hour), *R & R adopted by* 2018 WL 401269 (Jan. 12, 2018).

A reduction is required for the rate of all remaining associates. Plaintiffs provide the qualifications for three of their six associate attorneys. Shan Zhu ("Zhu") graduated with a law degree in 2018, Ge Qu ("Qu") in 2015, and Diana Y. Seo ("Seo") in 2014. (Zhu Aff. ¶¶ 71–73). While Zhu and Qu have dedicated their law practice to employment and labor law, Seo began practicing employment and labor law in 2019. (*Id.*). Zhu and Qu began working on this case in 2019, at which time they had less than two and four years of legal experience, respectively; Seo had six years of legal experience when she joined the case in 2020 but just one year of experience in employment and labor law. (*See* Dkt No. 53-13 at 4–5). I find $200 per hour to be a reasonable

---

[12] The Court notes that associate William Brown billed his work at $250 on numerous occasions. (*See* Dkt. No. 53-13).

rate for Zhu and Qu, and $250 per hour for Seo. *See Chen v. Anzai Asian Inc.*, No. 18-CV-6659 (JMA) (ARL), 2020 WL 8620021, at *2 (E.D.N.Y. Nov. 30, 2020) ("Courts in this district typically award around $150 to $200 for associates with either three or four years of experience."); *cf. Luk*, 2021 WL 829417, at *6 (awarding $250 per hour for Qu and $200 for Zhu).

Plaintiffs did not provide the qualifications of their remaining attorneys. (*See generally* Pls.' Mem; Zhu Aff.). "Because expertise is a critical factor in evaluating the reasonableness of a billing rate, . . . a number of judges in this District have slashed fee awards involving the Hang law firm, on account of recurring deficiencies such as missing background information on each individual who worked on the case." *Luk*, 2021 WL 829417, at *4 (collecting cases). Accordingly, for each of the remaining attorneys, $100 is a reasonable rate. *See Chen*, 2020 WL 8620021, at *2 (reducing rate for Hang firm associates to $100 per hour where no biographical information was provided); *Luk*, 2021 WL 829417, at *6 (same); *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-CV-6722 (PK), 2020 WL 1694356, at *15 (E.D.N.Y. Apr. 7, 2020) (same); *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *14 (E.D.N.Y. Feb. 22, 2019) (same), *R & R adopted by* 2019 WL 1547256 (Apr. 9, 2019); *cf. Calle*, 2017 WL 6942652, at *20 (awarding $150 to a Hang associate for whom no biographical information was provided).

The Court respectfully recommends that the hourly rates for the law clerk and paralegal also be reduced to $100 per hour. *See LG Cap. Funding, LLC v. 5Barz Int'l, Inc.*, No. 16-CV-2752 (KAM) (JO), 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019) (collecting cases) ("In this District, law clerks are typically awarded fees at the same hourly rate as legal paraprofessionals, or paralegals."); *Luk*, 2021 WL 829417, at *6 (awarding $100 per hour for Hang Firm law clerks).

ii.      *Reasonable Hours Expended*

The Court must next examine the contemporaneous time records and assess the reasonableness of the hours expended based on its experience, knowledge of the case, and the evidence and arguments presented. *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 302–03 (E.D.N.Y. 2012). When a plaintiff's billing record is excessive, it is within the court's discretion to reduce the fees requested. *See Kliger v. Liberty Saverite Supermarket Inc.,* No. 17-CV-02520 (FB) (ST), 2018 WL 4782342, at *10 (E.D.N.Y. Sept. 17, 2018), *R & R adopted in relevant part by* 2018 WL 4783964 (Oct. 3, 2018).

Although seven attorneys billed on this matter, their work does not appear duplicative or excessive. The total hours expended (143) are reasonable for a three-year litigation involving multiple plaintiffs, failed mediation, and Defendants who failed to comply with discovery requests or otherwise participate in the litigation. *Cf. Luk*, 2021 WL 829417, at *7 (awarding attorney's fees for 165.4 hours expended including arbitration and two-day trial). However, some minor reductions are necessary. On at three occasions, Plaintiffs' counsel billed attorney travel time at their full rates instead of the half-rate commonly accepted in this District.[13] *See Hugee*, 852 F. Supp. 2d at 302 (collecting cases). Accordingly, I respectfully recommend reasonable attorney's fees as follows:

|  | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| **Jian Hang** | $350 | 3.5 | $1,225 |
| **Shan Zhu** | $200 | 6.9 | $1,380 |
| **Diana Seo** | $250 | 15.9 | $3,975 |
| **Keli Liu** | $100 | 30.2 | $3,020 |

---

[13] (*See* Dkt. No. 53-13 at 1–3 (billing entries dated 12/13/2017, 2/26/2018, and 7/24/2018)).

| William Brown | $100 | 18.2 | $1,820 |
| Rui Ma | $100 | 36.5 | $3,650 |
| Ge Qu | $200 | 6.6 | $1,320 |
| Maritza Yanes | $100 | 2 | $200 |
| Ge Yan | $100 | 23.2 | $2,320 |
| Total | | 143 | $18,910 |

H. Costs

A prevailing plaintiff is entitled to recover costs of the litigation. 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1). Plaintiffs must submit receipts, invoices, or other evidence to support the costs requested. *E.g.*, *Gesualdi v. D. Gangi Contracting Corp.*, No. 18-CV-3773 (FB) (SJB), 2019 WL 1130729, at *9 (E.D.N.Y. Feb. 11, 2019), *R & R adopted by* 2019 WL 1128356 (Mar. 12, 2019); *J & J Sports Prods., Inc. v. Perez*, No. 06-CV-480 (JG) (SMG), 2008 U.S. Dist. LEXIS 118445, at *5 (E.D.N.Y. Mar. 5, 2008), *R & R adopted by* 2008 U.S. Dist. LEXIS 25321 (Mar. 31, 2008). Plaintiffs seek to recover $972.66 in filing fees, mediation costs, and process of service fees. (Pls.' Mem. at 16; Zhu Aff. ¶ 66; Dkt. No. 53-13 at 6). Plaintiffs did not provide receipts or other documentary evidence to support the award of these costs; however, the Court may take judicial notice of this District's filing fee. *Id.* (citing *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013)). I find it appropriate to take judicial notice of this District's $400 filing fee. (*See* Dkt. No. 1 Entry dated 11/6/2017 noting "filing fee $400, receipt number 0207-9958662"). Accordingly, I respectfully recommend awarding costs in the amount of $400 and denying the remaining costs in the absence of supporting documentation.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that Your Honor: (1) grant Plaintiffs' motion for a default judgment and (2) award Plaintiffs' the following amount in damages: $60,377.26 to Liu, $30,447.46 to Mo, $16,941.02 to Qin; attorney's fees in the amount of $18,910, and costs in the amount of $400; plus pre- and post-judgment interest as described herein.

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Rachel P. Kovner, within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.


**/s/ Ramon E. Reyes, Jr.**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Dated: May 24, 2021

# APPENDIX

## I.  Unpaid Wages[14]

**Liu** [15]

|  | Period 1 | Period 2 | Period 3 |
|---|---|---|---|
| Date Range | 9/21/15–12/30/15 | 1/1/16[16]–7/1/16 10/10/2016–12/30/2016 | 1/1/17–5/20/17 |
| Weeks Worked | 14 | 38 | 19[17] |
| Average Overtime Hours per Week | 11 | 11 | 11 |
| Regular Wage[18] or Minimum Wage if Greater than Regular Wage | $8.75 | $9.00 | $9.70 |
| Additional Overtime Owed per hour | $13.13 | $13.50 | $14.55 |
| Weekly Minimum Wage (40 hours/per) | $350 | $360 | $388 |
| Weekly Wage Received ($700 X 12/52) | $161.54 | $161.54 | $161.54 |
| Overtime Wages Due [19] | $2,022.02 | $5,643 | $3,040.95 |
| Minimum Wages Due[20] | $2,638.44 | $7,541.48 | $4,302.74 |
| **Unpaid Wages Due** | $4,660.46 | $13,138.48 | $7,343.69[21] |

**TOTAL Unpaid Wages: $25,188.63**

---

[14] Minimum wage rates based on those set forth in the NYLL. *See* N.Y. LAB. LAW § 652.

[15] Calculations based on Liu's affidavit, (Liu Aff. ¶¶ 5–9), and the calculations provided by Plaintiffs' counsel, (Dkt. No. 53-12 at 1–2). Again, Liu's statements are inconsistent with his math. Liu claims that he was paid $700 per month. (Liu Aff. ¶ 7). Over approximately fourteen months of employment with Defendants, this would amount to approximately $9,800. However, he also claims that he was paid a total of only $5,000, including his base salary and earned commission. (*Id.* ¶ 8). Further confusing the matter, the calculations provided by Plaintiffs' counsel indicate that Liu received a $5,000 lump sum commission during the latter part of his employment. (Dkt. No. 53-12 n. 1).

[16] Plaintiffs omit December 31, 2016 from their calculations.

[17] January 1, 2017 through May 20, 2017 amounts to 20 weeks, not 25 weeks as Liu's counsel suggests. (*See* Dkt. No. 53-12 at 2). The Court omits one week to account for the lump-sum commission Liu received. (Dkt. No. 53-12 n. 1; Liu Aff. ¶ 8).

[18] ($700 X 12) / 52 = $161.54 per week / 40 hours = $4.04 per hour

[19] Overtime Wages Due = Overtime Hours X Overtime Owed per hour X Weeks Worked

[20] Minimum Wages Due = (weekly minimum wage – weekly wage received) X (weeks in period)

[21] Due to what appears to be a mathematical error, Plaintiffs request only $4,190.40 in unpaid wages for the third period of Liu's employment. (*See* Dkt. No. 53-12 at 2). Given that Plaintiffs' equation should have provided a greater amount, the Court recommends a total award based on the numbers provided in Liu's affidavit and not the total calculated by his attorney in error.

**Mo[22]**

|  | 5/15–12/30/15 |
|---|---|
| Weeks Worked | 33[23] |
| Average Overtime Hours per Week | 11 |
| Regular Wage[24] or Minimum Wage if Greater than Regular Wage | $8.75 |
| Additional Overtime Owed per hour | $13.13 |
| Weekly Minimum Wage (40 hours/per) | $350 |
| Weekly Wage Received ($800 X 12/52) | $184.62 |
| Overtime Wages Due | $4,766.19 |
| Minimum Wages Due | $5,457.54 |
| **Unpaid Wages Due** | $10,223,73 |

**Qin[25]**

|  | 7/6/16–11/30/16 |
|---|---|
| Weeks Worked | 19[26] |
| Average Overtime Hours per Week | 11 |
| Regular Wage[27] or Minimum Wage if Greater than Regular Wage | $9 |
| Additional Overtime Owed per hour | $13.50 |
| Weekly Minimum Wage (40 hours/per) | $360 |
| Weekly Wage Received ($1,411.98 X 12/52) | $325.84 |
| Overtime Wages Due | $2,821.50 |
| Minimum Wages Due | $649.01 |
| **Unpaid Wages Due** | **$3,470.51** |

---

[22] Calculations based on Mo's affidavit, (Dkt. No. 54-2 ¶¶ 6, 8, 11), and calculations provided by Plaintiffs' counsel, (Dkt. No. 53-12 at 3).

[23] May 2015 through December 2015 amounts to approximately 35 weeks; however, Plaintiffs properly omit two weeks during which Mo received lump-sum commissions. (Dkt. No. 53-12 n. 2; *see* Mo Aff. ¶ 11).

[24] ($800 X 12) / 52 = $184.62 per week / 40 hours = $4.62 per hour

[25] Calculations based on Plaintiff Qin's affidavit. (Qin Aff. ¶¶ 2, 7). Her attorney's calculations were disregarded to the extent that they are inconsistent with the details provided in her affidavit. (*See* Dkt. No. 53-12 at 5).

[26] July 6, 2016 through November 30, 2016 amounts to approximately 21 weeks; however, the Court omit two weeks during which Qin received lump-sum commissions. (Dkt. No. 53-12 n. 3).

[27] ($1,411.98 X 12) / 52 = $325.84 per week / 40 hours = $8.15 per hour