UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

XIN HAO LIU A/K/A "ERIC LIU", RUN DE MO A/K/A "ALFRED MO" AND MENGHAN QIN A/K/A "HANNA QIN",

                Plaintiffs,

-against-

MILLENIUM MOTORS SPORTS, LLC, XIAO MENG LI A/K/A "JASON LI", AND JOHN DOES #1-10,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-6438 (RPK) (RER)

RACHEL P. KOVNER, United States District Judge:

Magistrate Judge Reyes has recommended entering a default judgment and awarding damages, costs, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.* Plaintiffs object that Judge Reyes should have awarded additional attorneys' fees. Their objection rests on information not provided to Judge Reyes. I decline to consider the belatedly supplied information and adopt Judge Reyes' report and recommendation in full.

## BACKGROUND

Plaintiffs Xin Hao Liu, Run De Mo, and Menghan Qin filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq. See* Am. Compl. (Dkt. #7). Defendants Millenium Motors Sports, LLC, and Xiao Meng Li appeared and filed an answer. *See* Answer (Dkt. #5); Answer to Am. Compl. (Dkt. #10). But defense counsel subsequently withdrew. *See* Ltr. Mot. to Withdraw as Att'y (Dkt. #19). Afterward, Mr. Li and Millennium Motors Sports stopped participating in the litigation. *See* Ltr.

1

Mot. to Compel (Dkt. #36); Order (Apr. 1, 2019); Min. Entry (May 20, 2019). Plaintiffs filed a motion asking the Court to strike the answers filed on behalf of those defendants and to enter their default. *See* Mot. to Strike Answer to Am. Compl. (Dkt. #45). I adopted Magistrate Judge Reyes's report and recommendation that plaintiffs be granted that relief. *See* Mem. & Order Adopting R. & R. (Dkt. #47).

Plaintiffs then moved for a default judgment. *See* Mot. for Default J. (Dkt. #51). Their motion sought damages, attorneys' fees, costs, and interest from Mr. Li and Millenium Motors Sports. *See ibid.* In support of the request for attorneys' fees, plaintiffs' counsel submitted contemporaneous time records and biographical information for several—but not all—plaintiffs' attorneys. *See* Aff./Decl. in Supp. of Mot. for Default J. (Dkt. #53) ("Zhu Aff."); Zhu Aff., Ex. M (Dkt. #53-13); Mot. to Am./Correct/Suppl. Aff., Ex. 1 (Dkt. #54-1) ("Pls.' Mem."). Plaintiffs argued that they should be awarded $350 for each hour worked by principal attorney Jian Hang, $300 for each hour worked by certain lawyers described as "senior associates," and $275 for each hour worked by certain lawyers described as "experienced associates." *See* Pls.' Mem. at 12-16. Plaintiffs also sought $150 per hour for work performed by a paralegal and by a law clerk. *See ibid.* I referred plaintiffs' motion for a default judgment to Judge Reyes. *See* Order Referring Mots. (Jan. 11, 2021).

Judge Reyes recommends that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded damages, costs, attorneys' fees, and interest. *See* R. & R. at 22 (Dkt. #56). Judge Reyes recommended damages of $60,377.26 for plaintiff Xin Hao Liu, $30,447.46 for plaintiff Run De Mo, and $16,941.02 for plaintiff Menghan Qin. *See ibid.* He also recommended that plaintiffs be awarded $400 in costs as wel as pre- and post-judgment interest. *See ibid.*

2

Turning to attorneys' fees, Judge Reyes observed that plaintiffs bore the burden of proving the reasonableness and necessity of the hours spent and the rates charged. *Id.* at 16. Judge Reyes concluded that the time records submitted by counsel reflected a reasonable number of hours worked. *Id.* at 20-21. He also determined that the rate of $350 per hour was reasonable for Jian Hang, the principal of Hang & Associates, PLLC. *Id.* at 18. But Judge Reyes concluded that all remaining attorneys should be paid a lower rate than that requested in plaintiffs' motion. *Id.* at 18-19. He observed that plaintiffs had provided qualifications for only three of the six associate attorneys for whom fees were sought—Shan Zhu, Ge Qu, and Diana Y. Seo. *See ibid.* After evaluating their experience, Judge Reyes found $200 per hour to be a reasonable rate for Zhu and Qu. He found $250 per hour to be a reasonable rate for Seo. *See ibid.*

Judge Reyes determined that $100 per hour was appropriate for the remaining attorneys. *See id.* at 19. Judge Reyes concluded that this rate was appropriate after determining that plaintiffs had not provided information regarding the attorneys' expertise that would enable him to evaluate the reasonableness of their proposed rate. *Ibid.* Judge Reyes also recommended that the law clerk and paralegal be paid at a rate of $100 per hour. *Ibid.* Based on the rates that Judge Reyes found reasonable, Judge Reyes determined that the appropriate attorneys' fees award to be $18,910. *Id.* at 20-21.

Judge Reyes also recommended that certain John Doe defendants named in the suit be dismissed from the case without prejudice. R. & R. at 2 n.3.

Plaintiffs have filed a "[l]etter objection" to Judge Reyes' report and recommendation. *See* Shan Zhu Ltr. (June 2, 2021) (Dkt. #57). They object only to the calculation of attorneys' fees. They observe that Judge Reyes recommended that three attorneys be paid at "an hourly rate of $100 because no biographical information was provided." *Id.* at 1. In their objection letter,

3

plaintiffs supply biographical information for those three attorneys, and ask the Court to revisit the fee award based on the newly supplied information. *Id.* at 1-2.

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested are reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

In considering objections to an R. & R., the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020); 12 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 3070.2 (3d ed. 2021). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020); *see, e.g.*, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).

**DISCUSSION**

I adopt Judge Reyes' report and recommendation in full. I find no clear error in the portions of the report and recommendation as to which no party has objected. And, for the reasons below, I reject plaintiffs' objection to Judge Reyes' calculation of attorneys' fees.

As an initial matter, Judge Reyes did not err in his determination of attorneys' fees based on the information put before him. Because plaintiffs did not provide biographical information for three attorneys, Judge Reyes was unable to assess whether those attorneys' experience justified a rate of more than $100 per hour. Taking note of cases involving attorneys from Hang & Associates as to whom no biographical information was provided, Judge Reyes determined that a $100 per hour rate was appropriate for those attorneys. *See* R. & R. at 19. Plaintiffs have not disputed that Judge Reyes' fee determination was appropriate based on the information presented to him.

Instead, plaintiffs argue that the Court should reject Judge Reyes' report and recommendation in part, and award additional attorneys' fees, based on biographical information that they have provided for the first time in their letter objecting to the R. & R. But courts in this circuit generally do not consider new evidence raised in objections to an R. & R. without a compelling justification. *See, e.g.*, *Paddington Partners*, 34 F.3d at 1137-38; *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005). Plaintiffs have not offered a compelling justification—or any justification at all—for their failure to submit biographical information for these attorneys with their original motion. Moreover, counsel had every reason to understand that this information would be required to sustain their fee request, because judges in this district have previously "slashed fee awards involving the Hang law firm, on account of recurring deficiencies such as missing background information on each individual who worked on the case." *Luk v. ABNS NY Inc.*, No. 18-CV-5170, 2021 WL 829417, at *4 (E.D.N.Y. Feb. 9, 2021), *report and*

*recommendation adopted sub nom. Ying Ying Dai v. ABNS NY Inc.*, No. 18-CV-5170, 2021 WL 826014 (E.D.N.Y. Mar. 3, 2021); *see, e.g., Gao v. Jian Song Shi*, No. 18-CV-2708, 2021 WL 1949275, at *17-19 (E.D.N.Y. Apr. 30, 2021), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, No. 18-CV-2708, 2021 WL 1946322 (E.D.N.Y. May 15, 2021); *Wing Chan v. Xifu Food, Inc.*, No. 18-CV-5445, 2020 WL 5027861, at *11 (E.D.N.Y. Aug. 5, 2020), *report and recommendation adopted*, No. 18-CV-5445, 2020 WL 5027147 (E.D.N.Y. Aug. 25, 2020); *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963, 2019 WL 1549033, at *14 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, No. 17-CV-6963, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).

I therefore reject plaintiffs' objections to Judge Reyes' recommendation in this case and adopt the R. & R. in full.  My decision aligns with those of several other courts that have declined to revise magistrate judges' calculations of attorneys' fees based on biographical information that was first supplied in an objection to the R. & R.  *See, e.g.*, *Jianhui Hu v. 226 Wild Ginger*, No. 17-CV-10161, 2020 WL 4383501, *4 (S.D.N.Y. July 31, 2020); *Ye Hong v. 7 Express Rest. Corp.*, No. 17-CV-2174, 2019 WL 1429584, at *4 (E.D.N.Y. Mar. 29, 2019); *Setty v. Synergy Fitness*, No. 17-CV-6504, 2019 WL 1292431, at *6 n.6 (E.D.N.Y. Mar. 21, 2019); *Coley v. City of New York*, No. 15-CV-5132, 2017 WL 1162177, at *2-3 (E.D.N.Y. Mar. 28, 2017); *Mister Softee, Inc. v. Konstantakakos*, No. 15-CV-4770, 2016 WL 4250314, at *1-2 (E.D.N.Y. Aug. 11, 2016).

## CONCLUSION

Magistrate Judge Reyes's report and recommendation is adopted in full. The motion for default judgment is granted. Plaintiffs are awarded: (1) damages of $60,377.26 to Xin Hao Liu, $30,447.46 to Run De Mo, and $16,941.02 to Menghan Qin; (2) attorney's fees of $18,910; (3) costs of $400; and (4) pre- and post-judgment interest. In addition, the defendants identified as John Does #1-10 are dismissed from the case without prejudice.

SO ORDERED.

                                                                   /s/ Rachel Kovner
                                                                   RACHEL P. KOVNER
                                                                   United States District Judge

Dated:        August 6, 2021
                Brooklyn, New York